| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF RICHLAND | ) | |
| Oswald Law Firm, LLC, **Plaintiff(s)** | ) ) ) | CIVIL ACTION COVERSHEET |
| vs. | ) ) ) | 2017 - CP - 40 - 05054 |
| The Hartford and Sentinel Insurance Company, Limited, **Defendant(s)** | ) ) ) ) | |

| (Please Print) | | |
|---|---|---|
| Submitted By: Kelly Burnside | SC Bar #: | 101514 |
| Address: 1031 Center Street | Telephone #: | (803) 796-7260 |
| West Columbia, SC 29169 | Fax #: | (803) 796-1055 |
| | Other: | |
| | E-mail: | Kburnside@oswaldlawfirm.net |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check one box below)*

☒ **JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION
*(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Construction (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Other Malpractice (299) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☒ Wrongful Breach (140) | | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Other (399) | ☐ Possession (450) |
| | | | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Driver License Reinstate (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750)** | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | | | ☐ Zoning Board (970) |
| ☐ Automobile Arb. (610) | | | ☐ Other (999) |
| ☐ Medical (620) | | | |
| ☐ Other (699) | | | |

** Check only if Summons & Complaint to follow in 20 days

**Submitting Party Signature:** _Kelly Burnside_          **Date:** __August 16, 2017__

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## *FOR MANDATED ADR COUNTIES ONLY

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral within 210 days of filing of this action, and the Plaintiff shall file a "Stipulation of Neutral Selection" on or before the 224th day after the filing of the action. If the parties cannot agree upon the selection of the neutral within 210 days, the Plaintiff shall notify the Court by filing a written "Request for the Appointment of a Neutral" on or before the 224th day after the filing of this action. The Court shall then appoint a neutral from the Court-approved mediator/arbitrator list.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Case are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Cases which are appellate in nature such as appeals or writs of certiorari;

   c. Post Conviction relief matters;

   d. Contempt of Court proceedings;

   e. Forfeiture proceedings brought by the State;

   f. Cases involving mortgage foreclosures; and

   g. Cases that have been submitted to mediation with a certified mediator prior to the filing of this action.

4. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference had been concluded.

**Please Note:**    **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

\* Florence, Horry, Lexington, Richland, Greenville, and Anderson
SCCA / 234 (3/04)                                                              Page 2 of 2

STATE OF SOUTH CAROLINA ) IN THE COMMON PLEAS COURT
COUNTY OF RICHLAND  ) FIFTH JUDICIAL CIRCUIT
  )
  ) C.A. No: 2017-CP-40-
Oswald Law Firm, LLC, )
  Plaintiff, ) SUMMONS
  )
 vs. )
  )
The Hartford and Sentinel )
Insurance Company, Limited, )
  )
  Defendant. )
_____)

TO THE DEFENDANT ABOVE-NAMED:

  YOU ARE HEREBY SUMMONED and required to answer the Complaint in this matter,

a copy of which is herewith served upon you, and to serve a copy of your Answer to Said

Complaint upon the Subscriber at her office, 1031 Center Street, West Columbia, South Carolina

within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to

answer the Complaint within the time aforesaid, then the Plaintiff will apply to the Court for

default judgment for the relief demanded in the Complaint.

        Oswald & Burnside, LLC

        By: _____
        Kelly Burnside
        1031 Center Street
        West Columbia, SC  29169
        (803) 796-7260; (803) 796-1055 (fax)

        ATTORNEYS FOR PLAINTIFF

August 16, 2017

STATE OF SOUTH CAROLINA )   IN THE COMMON PLEAS COURT
COUNTY OF RICHLAND       )   FIFTH JUDICIAL CIRCUIT
                                     )
                                     )   C.A. No: 2017-CP-40-
Oswald Law Firm, LLC,      )
                Plaintiff,   )   COMPLAINT
                                     )   Breach of Contract
        vs.                   )   Bad Faith Refusal To Pay Insurance Claim
                                     )
The Hartford and Sentinel     )
Insurance Company, Limited,   )
                                   )   Jury Trial Demanded
              Defendant.   )
_____)

The Plaintiff above named, complaining of the Defendant above named, alleges and says as follows:

1.    That the Plaintiff is a Limited Liability Company in South Carolina, licensed to do business in Richland County, South Carolina.

2.    That the Defendant, The Hartford is a corporation organized and existing under the laws of a state other than South Carolina, licensed to do business in South Carolina and in the business of insurance.

3.    That the Defendant, Sentinel Insurance Company, Limited, is a corporation organized and existing under the laws of a state other than South Carolina, licensed to do business in South Carolina and in the business of insurance.

4.    That the parties hereto, the subject matter hereof, and all things and matters hereinafter alleged are within the jurisdiction of this Honorable Court.

5.    That, at all times hereinafter mention, Defendants, The Hartford and Sentinel Insurance Company, Limited, through their agents, servants and/or employees sold the Plaintiff an insurance policy designated as policy number 22SBANV1654.

6.    That the Plaintiff, Oswald Law Firm, LLC, first became aware of sustained losses on November 14, 2014. Despite repeated demands, the Defendant has failed and refused, and continues to fail and refuse, to pay based on the agreed upon policy.

## FOR A FIRST CAUSE OF ACTION
(Breach of Insurance Contact)

7.    Paragraphs one (1) through six (6) above are incorporated herein the same as if repeated herein verbatim.

8. That at all times hereinafter mentioned, Defendants The Hartford and Sentinel Insurance Company, Limited, through their agents, servants, and/or employees sold Plaintiff, Oswald Law Firm, LLC, an insurance policy designated as policy number 22SBANV1654 providing certain coverage for Employee Dishonesty.

9. That, at all times hereinafter mentioned, the insured, Oswald Law Firm, LLC, has paid all insurance premiums when due to Defendants The Hartford and Sentinel Insurance Company, Limited.

10. That Defendants, The Hartford and Sentinel Insurance Company, Limited, agrees to cover certain damages to the Plaintiff, Oswald Law Firm, LLC.

11. That between January 2011 and November 2014, a former employee of the Plaintiff provided false documents to clients during his time of employment. This resulted in costing the business a substantial amount of money in legal fees.

12. That, at all times hereinafter mentioned, Defendants, through their agents, servants, and/or employees investigated, evaluated and adjusted Plaintiffs' claim for losses due to the incidents that took between January 2011 and November 2014.

13. That by virtue of the insurance policy provisions, Defendants breached its insurance contract and is indebted to the Plaintiff in the sum of $36,500.00.

14. That Defendants acted in bad faith or in an unreasonable manner and Plaintiff is informed and believes that he is entitled to recover reasonable attorney fees and costs pursuant to Section 38-9-320 of the Code of Laws of South Carolina (1976).

15. That Plaintiff is informed and believe that they are entitled to judgment against Defendants, in

the sum of $36.500.00, and certain consequential damages as actual damages and reasonable attorney fees together with costs for the First Cause of Action.

## FOR A SECOND DEFENSE
(Bad Faith Refusal to Pay Insurance Claim)

16.     Paragraphs one (1) through fifteen (15) above are incorporated herein the same as if repeated herein verbatim.

17. That Plaintiff is informed and believes that Defendants owed Plaintiff a duty of good faith and fair dealing and implicitly covenanted to refrain from doing anything to impair Plaintiffs' rights to receive benefits under the insurance contract.

18. That Defendants, through their agents, servants, and/or employees, knowing that Plaintiffs' claim is wholly valid and should be paid, have wrongfully and in breach of the implied covenant of good faith and fair dealing, withheld and denied the benefits due to Plaintiff. In denying his claim for benefits, Defendants have acted wrongfully, unreasonably and in bad faith in the following respects, among others:

a. Defendants failed and refused to make an adequate investigation before withholding benefits under the insurance policy.

b. Defendant refused and continues to refuse to give reasonable interpretations to the provisions in the policy of insurance, or any reasonable application of such provisions to Plaintiffs' claim and has acted to protect its own financial interest therein at the expense of Plaintiffs' rights.

c. Defendants' refusal to pay benefits due compelled Plaintiff to engage legal counsel to initiate litigation to recover such benefits.

19. That as a direct and proximate result of the conduct of the Defendants, the Plaintiff sustained substantial compensable losses including withheld benefits, certain consequential damages, attorney fees and costs.

20. That Defendants' actions were willful, wanton and/or in reckless disregard for Plaintiffs' rights and Plaintiff is informed and believed that he is entitled to punitive damages against Defendant.

21. That Plaintiff is informed and believe that he is entitled to judgment against Defendants, in the

sum of $36,500.00 withheld benefits, certain consequential damages, attorney fees and costs and punitive damages as the jury may determine.

WHEREFORE, Plaintiff prays that this Honorable Court grant him judgment as follows:

a. For the First Cause of Action against Defendants, in the sum of $36,500.00 and certain consequential damages as actual damages, attorney fees and costs and punitive damages as the jury may determine.

b. For the Second Cause of Action against Defendants, in the sum of for certain consequential damages as actual damages, attorney fees and costs and punitive damages as the jury may determine.

c. For any such other and further relief as may be just and proper.


Respectfully submitted,


By: _____
Kelly Burnside
1031 Center Street;
West Columbia, South Carolina 29169
(803) 796-7260; (803) 796-1055 (fax)
West Columbia, South Carolina
Attorney for the Plaintiff

August 17, 2017.